UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| **SHAUN FREDERICK,** | : | Civ. No. 05-4422 (GEB) |
| **Plaintiff,** | : | |
| v. | : | |
| **BETH TALBOTT,** | : | **REPORT AND RECOMMENDATION** |
| **Defendant.** | : | |

**HUGHES, U.S.M.J.**

Presently before the Court is the Motion of Defendant for dismissal of the Complaint, [Docket Entry # 3], returnable March 6, 2006.  This matter was referred here for a Report and Recommendation, pursuant to 28 U.S.C. § 636(b)(1).

**Background**

Plaintiff Shaun Frederick ("Plaintiff"), a *pro se* litigant, initially became indebted to Sallie Mae, Inc., a financial lending institution primarily providing federal and private student loans ("Sallie Mae"),  under four promissory notes, executed by Plaintiff and disbursed by Sallie Mae in 1999 and 2000[1].  (Talbott Decl. at ¶¶ 3-11, Exhibits A-D).   Plaintiff incurred these loans to help pay for his college expenses.  At the time of notes were executed, Defendant Beth Talbott ("Defendant") was a Senior Paralegal at Sallie Mae. *Id.* at ¶ 1.  When the loans became due, on April 28, 2001, Plaintiff requested, and was granted a one-year forbearance

---

[1] The individual notes were executed on or about April 20, 1999, September 9, 1999, January 11, 2000, and July 17, 2000 and were transferred to Sallie Mae on or about February 19, 2001.  (Talbott Decl. at ¶¶ 4, 6,8, 10, 12).

from April 28, 2001 to April 27, 2002 .  *Id.* at ¶ 14.  Subsequently, Plaintiff was granted two additional periods of forbearance. *Id.* at ¶¶'s 19, 22.   During his last period of forbearance, Plaintiff sent eight consumer dispute forms from Equifax to Sallie Mae, in which plaintiff claimed the promissory notes were fraudulently issued.  *Id.* at ¶ 23.  In response, Sallie Mae verified the authenticity of the notes.  *Id.* at ¶ 25.  In October 2004, Sallie Mae received additional consumer dispute verification forms from Equifax.  *Id*. at ¶ 26.  Again, Sallie Mae provided verification.  *Id.* at ¶ 27.  Plaintiff then attempted to exchange his student loan debt for surety bonds and promissory notes.  *Id.* at Exhibit E.

By letter dated May 19, 2005, Defendant, acting in her official capacity as Senior Paralegal for Sallie Mae, provided Plaintiff with copies of the original promissory notes, which verified his debt to Sallie Mae and explained to Plaintiff that his debts were exempt from the Fair Credit Billing Act.  *Id.* at Exhibit G.  Subsequently, on October 14, 2005 Plaintiff defaulted on his loans.  *Id.* at ¶ 32.

Plaintiff subsequently filed a Complaint against Defendant on September 8, 2005. [Docket Entry #1].   The Complaint alleges Defendant created a loan, for which Plaintiff was responsible, without any consideration.  (Pl's. Comp. at 3).  Further, Plaintiff claims Defendant is "threatening to cast aspersions against [Plaintiff] in a public and damaging manner upon the continued false [] accusation that this credit must be repaid." *Id.*

Defendant argues that the Complaint must be dismissed for lack of jurisdiction and for Plaintiff's failure to state a claim upon which relief can be granted, pursuant to FED. R. CIV. P.

12(b)(6)[2].  (Defs'. Br. at 4, 5-8).

**Discussion**

**A.     Jurisdiction**

Dismissal of an action is a matter entrusted to the discretion of the trial court.  *Curtis T. Bedwell and Sons, Inc. v. International Fidelity Ins. Co.,* 843 F.2d 683, 691 (3d Cir. 1988).  Dismissal is an extreme sanction to be used in limited circumstances.  *United States of America v. $8,221,877.16 in United States Currency*, 330 F.3d 141, 161 (3d Cir. 2003); *National Hockey League v. Metropolitan Hockey Club*, 427 U.S. 639, 643 (1976).

Although the plaintiff bears the ultimate burden of establishing personal jurisdiction, "courts reviewing a motion to dismiss for lack of in personam jurisdiction must accept all of the plaintiff's allegations as true and construe disputed facts in favor of the plaintiff.*"  Carteret Savings Bank, FA v. Shushan*, 954 F.2d 141, 142 n. 1 (3d Cir. 1992); *Wright v. Xerox Corp*., 882 F.Supp. 399, 403 (D.N.J. 1995).  This does not mean, however, that a plaintiff may rely exclusively on a bare, unsupported pleading in opposition to a jurisdictional attack.  Rather, once the defendant has assailed jurisdiction, the plaintiff must present evidence that sufficient jurisdictional contacts exist.  *See Time Share Vacation Club v. Atlantic Resorts, Ltd.*, 735 F.2d 61, 66 n. 9 (3d Cir. 1984).  That evidence must make out the elements of jurisdiction with "reasonable particularity."  *See Mellon Bank v. Farino*, 960 F.2d 1217, 1223 (3d Cir. 1992).

*In personam* jurisdiction analysis is flexible, *see Burger King Corp. v. Rudzewicz*, 471

---

[2]In light of the Court's finding that it does not have jurisdiction to hear Plaintiff's claims in the above-captioned matter, and because Plaintiff fails to state a claim upon which relief can be granted, it will not address Defendant's other claims for relief, mainly that Plaintiff did not properly serve Defendant with the Summons and Complaint and that Plaintiff engaged in efforts to defraud Sallie Mae.

U.S. 462, 478-79 (1985), and focuses on the relationship between the parties, the forum, and the lawsuit, *see IMO Indus. v. Kiekert AG,* 155 F.3d 254, 259 (3d Cir. 1998).  The first step is to discern whether the forum's long-arm statute reaches the defendant.  *Id.*  If so, then the next step is to determine whether the exertion of personal jurisdiction over the defendant comports with the Fourteenth Amendment's due process guarantee.  *Id.*  New Jersey reduces these steps to a single inquiry because its long-arm rule sanctions "jurisdiction over non-residents to the outer limits permitted by due process."  *Carroll v. United Airlines, Inc.,* 325 N.J. Super. 353, 365 (App. Div. 1999); *Charles Gendler & Co., Inc. v. Telecom Equipment Corp.,* 102 N.J. 460, 469 (1986); *IMO,* 155 F.3d at 259.

Thus, the task here is to decide whether subjecting Defendant to *in personam* jurisdiction is consistent with due process.  The governing constitutional standard is familiar: a non-resident defendant is susceptible to a forum's jurisdiction if the defendant has "minimum contacts" with that forum "such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'"  *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (*quoting Milliken v. Meyer*, 311 U.S. 457, 463 (1940)).

The minimum contacts requirement ensures that a defendant has "fair warning" that its conduct might subject it to suit in a particular forum.  *See Burger King*, 462 U.S. at 471-72; *see also World Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 197 (1980) (reciting that the minimum contacts requirement enables a defendant to ascertain where "he should reasonably anticipate being haled into court").  Not every connection between a defendant and a forum qualifies as a minimum contact that provides the requisite fair warning.  *See Burger King*, 471 U.S. at 475; *World Wide Volkswagen*, 444 U.S. at 298; *Asahi Metal Indus. Co. v. Superior*

*Court of California*, 480 U.S. 102, 112-13 (1987).  Rather, to establish a minimum contact, the defendant must purposefully direct its conduct toward the forum or its residents.  *See Burger King*, 471 U.S. at 472.  As the Supreme Court has consistently reiterated, "it is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities in the forum State, thus invoking the benefits and protections of its laws."  *Hanson v. Denckla*, 357 U.S. 235, 253 (1958).[3]

In the present case, Defendant has neither "continuous and systemic" contacts with the State, nor does Plaintiff's claims "arise out of or relate to" Defendant's contacts with the State.  Defendant works in and is a resident of the State of Indiana.  Her contact with the State of New Jersey, and with Plaintiff, is limited to the letter she sent while employed by Sallie Mae to Plaintiff at his home in New Jersey, advising him of his debt obligation.  The Court cannot find that such limited contact exposes Defendant to the jurisdiction of this District or that such contact provided sufficient notice that Defendant was susceptible to suit in this District.  Therefore, the Court finds  that no jurisdiction exists to adjudicate Plaintiff's claim against Defendant and, would upon this ground, recommend dismissal fo the Complaint.

---

[3]The nature and extent of the defendant's contacts with the forum dictates the scope of jurisdiction.  See *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408 (1984).  A court may exert "specific" personal jurisdiction over a non-resident defendant if the suit arises out of that defendant's purposeful forum contacts.  See IMO, 155 F.3d at 259.  Even a single, isolated act, if substantially connected to the forum and injury sued upon, may support specific jurisdiction.  See Wright, 882 F.Supp. at 404.  If the action does not involve the defendant's forum-related contacts, then a court must possess "general" jurisdiction to proceed.  General jurisdiction exists when the defendant has established "continuous" and "substantial" connections with the forum state.  See Osteotech, Inc. v. Gensci Regeneration Sciences, Inc., 6 F.Supp.2d 349, 353 (D.N.J. 1998).  If the plaintiff establishes general jurisdiction, then a court may constitutionally adjudicate claims that are not related to the defendant's contacts with the forum state.  Id.

**B.**     **Failure to State a Claim Upon Which Relief Can Be Granted** - **Legal Standard**

In deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), all allegations in the complaint must be taken as true and viewed in the light most favorable to the plaintiff.  *See Warth v. Seldin*, 422 U.S. 490, 501 (1975); *Trump Hotels & Casino Resorts, Inc., v. Mirage Resorts Inc.*, 140 F.3d 478, 483 (3d Cir. 1998); *Robb v. Philadelphia*, 733 F.2d 286, 290 (3d Cir. 1984).  In evaluating a Rule 12(b)(6) motion to dismiss for failure to state a claim, a court may consider only the complaint, exhibits attached to the complaint, matters of public record, and undisputedly authentic documents if the plaintiff's claims are based upon those documents.  *See Pension Benefit Guar. Corp. v. White Consol. Indus.,* 998 F.2d 1192, 1196 (3d Cir. 1993). If, after viewing the allegations in the complaint in the light most favorable to the plaintiff, it appears beyond doubt that no relief could be granted "under any set of facts which could prove consistent with the allegations," a court shall dismiss a complaint for failure to state a claim.  *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Zynn v. O'Donnell*, 688 F.2d 940, 941 (3d Cir. 1982).

In the case of a pro se litigant, the court must "find that it is clear 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Zynn v. O'Donnell, 688 F.2d 940, 941 (3d  Cir. 1982) (quoting Haines v. Kerner, 404 U.S. 519, 521 (1972)).

Defendant claims that even if jurisdiction exists, Plaintiff fails to state a claim for which relief may be granted.  In his Complaint, Plaintiff claims that Defendant is wrongfully asserting entitlement to the debt incurred between Plaintiff and Sallie Mae.  The relief sought is to prevent Defendant from trying to make any further collection on the debt.  Plaintiff's allegations

are based on the fact that Defendant authored a letter advising Plaintiff of his obligation to repay his student loan debt to Sallie Mae. However, Defendant wrote the letter as an employee of Sallie Mae, the holder of the debt. Defendant never claimed to hold the Promissory notes executed between Plaintiff and Sallie Mae. Thus, Plaintiff's claims for relief from Defendant's attempts to collect on his debt are unjustified. Because Defendant is not a payee under the Promissory notes and does not claim any right to the debt incurred by Plaintiff with Sallie Mae, Plaintiff makes no claim for which relief can be granted. Therefore, the Court finds that Plaintiff failed to state a claim for which relief can be granted, pursuant to Fed. R. Civ. P. 12(b)6 and, accordingly, recommends dismissal on this ground.

**Conclusion**

In view of the foregoing, it is respectfully recommended that this federal action be dismissed with prejudice for lack of jurisdiction and for failure to state a claim for which relief can be granted. Local Civil Rule 72.1(c)(2) permits objections to this Report and Recommendation within 10 days after being served with a copy thereof.

Respectfully submitted,

/s/ *John J. Hughes*

**JOHN J. HUGHES**
**UNITED STATES MAGISTRATE JUDGE**